IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| VERNON BRADLEY,<br><br>    Plaintiff<br><br>vs.<br><br>DR. HOWICK, PA ELLIE, CHCA JANA SMITH, CO MAHONEY, LT TANNER, LT FRIEDLINE, NURSE KEISHA, NURSE LORIGAN, NURSE FAUST, LPN CRYSTAL BEST, PA CELINDA AUSTIN STRICT, SGT LESKO,<br><br>    Defendants | 1:23-CV-00317-RAL<br><br>RICHARD A. LANZILLO<br>Chief United States Magistrate Judge<br><br>ORDER |

Plaintiff Vernon Bradley ("Bradley") commenced this action on December 4, 2023. *See* ECF No. 4. His Complaint asserted federal civil rights and state law negligence claims against twelve defendants, including two individuals identified only as "PA Ellie" and "Nurse Keisha." *Id.* He provided an address for both PA Ellie and Nurse Keisha as in care of the State Correctional Institution at Forest ("SCI-Forest"), where Bradley alleges both were employed. *Id.*, pp. 4, 8. The Clerk of the Court attempted to make service upon the Defendants by sending requests for waiver of service forms to them at SCI-Forest. On March 7, 2024, waivers of service pursuant to Fed. R. Civ. P. 4(d) were returned, executed on behalf of all Department of Corrections-employed Defendants, except PA Ellie and Nurse Keisha. ECF No. 13. Thereafter, the case proceeded with those two Defendants unserved

On May 6, 2024, the Court ordered Bradley to provide additional address information concerning PA Ellie and Nurse Keisha by May 20, 2024, to allow the Court to make personal

1

service on those Defendants via the U.S. Marshal Service ("USMS")[1]; in the alternative, the Court directed Bradley to show cause for his failure to serve these two individuals. *See* ECF No. 36. The Court also provided Bradley with USM–285 forms for his use to provide the required information. *See id.* Further, the Court advised Bradley that a failure to respond may result in dismissal of his claims against those Defendants. *See* ECF No. 36 (order). To date, Bradley has not provided any additional address or identifying information concerning "PA Ellie" and "Nurse Keisha." Each remains unserved.

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The rule allows the Court to extent the time for service "if the plaintiff shows good cause for the failure" to serve within the 90-day period. *Id.* "To demonstrate good cause, a plaintiff must demonstrate 'good faith' and 'some reasonable basis for noncompliance within the time specified in the rules.'" *Moore v. Walton*, 96 F.4th 616, 627 (3d Cir. 2024) (quoting *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). Absent service upon a defendant within the 90-day period or a showing of good cause for the failure to do so, dismissal of the action against the unserved defendant is authorized. *See Edwards v. Hillman*, 849 Fed. Appx. 23, 25 (3d Cir. 2021). Where the plaintiff demonstrates good cause for the failure to serve the defendant in a timely manner, the court must extend the time for service. *See McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191,

---

[1] A litigant proceeding in forma pauperis is not responsible for service of process. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process[.]"); *Boniella v. Comm'r Soc. Sec.*, 317 Fed. Appx. 268, 269 (3d Cir. 2009). The plaintiff must, however, provide the Court with information sufficient to perform this function.

196 (3d Cir. 1998). "If good cause is not established, the court retains discretion to either dismiss the case without prejudice or extend the service period." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

In this case, the Court has already extended the time for Bradley to serve PA Ellie and Nurse Keisha and ordered Bradley to provide the Court with the information it needs to effectuate service through a Rule 4(d) waiver or personal service by the USMS. The Court has ordered Bradley to show cause for his failure to provide the information for service and notified him that his claims against the unserved Defendants may be dismissed if he failed to respond. Nevertheless, Bradley has failed to provide any additional service information or to respond to the Court's "show cause" order. Bradley's pro se status does not alone constitute good cause for the failure to timely identify or serve these two defendants. *See Veal v. United States*, 84 Fed. Appx. 253, 256 (3d Cir. 2004). Given the absence of any justification for his noncompliance with Rule 4, the Court concludes that dismissal of this action as to PA Ellie and Nurse Keisha is warranted. While the court has discretion to order service within a specified time even after the plaintiff fails to establish good cause for failing to serve a defendant within ninety days, *Petrucelli*, 46 F.3d at 1305, the Court has essentially provided this opportunity to Bradley. It was incumbent upon him to correctly identify all defendants and provide accurate mailing addresses for them to allow the Court to effectuate service. He has failed to do so.

Because Bradley has failed to sufficiently identify "PA Ellie" and "Nurse Keisha" or provide accurate address information for either and has not responded to the Court's order directing him to show cause for his failure, the Court finds that dismissal is warranted as to these Defendants. *See, e.g., Nixon v. Nicholas*, 2023 WL 4685983, at *7 (M.D. Pa. July 21, 2023).

3

Accordingly, this action is hereby dismissed, *without prejudice*, as to Defendants "PA Ellie" and "Nurse Keisha," and the Clerk of the Court is directed to terminate them as parties to this action.

DATED this 22nd day of August, 2024.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE