IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| VERNON BRADLEY, ) | |
| ) | |
| Plaintiff ) | 1:23-CV-00317-RAL |
| ) | |
| vs. ) | RICHARD A. LANZILLO |
| ) | Chief United States Magistrate Judge |
| DR. MARY HOWICK, ) | |
| ) | MEMORANDUM ORDER DISMISSING |
| Defendant ) | THE AMENDED COMPLAINT |
| ) | WITHOUT PREJUDICE |

By previous order, the Court dismissed Plaintiff Vernon Bradley's ("Plaintiff") complaint, without prejudice. *See* ECF No. 60. In doing so, the Court advised the Plaintiff that an amended complaint must "identify each party and allege the factual basis for his claims against the Defendants in short, concise, and plain statements." *Id*. p. 1, (citing Federal Rule of Civil Procedure 8). Plaintiff filed an amended pleading on January 20, 2026. *See* ECF No. 61. The Amended Complaint, however, does not comport with the directions set forth in the Court's prior order. Accordingly, the Amended Complaint will be dismissed.[1]

28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge in these proceedings. *See* 28 U.S.C. § 636.

F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Plaintiff is proceeding pro se, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). The Court, however, is not required "to accept as true unsupported conclusions and unwarranted inferences." *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997).

A complaint also may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The United States Court of Appeals for the Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "A complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (per curiam) (internal quotations and citations omitted). "[A] pleading that is so 'vague or ambiguous' that a defendant

cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett*, 938 F.3d at 93.

Plaintiff's Amended Complaint is confused, convoluted, largely incomprehensible, and still fails to provide fair notice of the grounds upon which the claims against each defendant rest. He refers, for example, to "Defendants" throughout his narrative but the amended pleading does not identify a defendant by name. Nor does the Amended Complaint state specific causes of action against specified individual defendants. Thus, it is nearly impossible for the Defendants to defend this lawsuit. As pleaded, the Amended Complaint does not satisfy Rule 8. *See, e.g.*, *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (explaining that Rule 8 permits dismissal where the complaint "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised").

Moreover, although a court must liberally construe the allegations and "apply the applicable law, irrespective of whether the pro se litigant mentioned it by name," *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), "this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support." *Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024); *see also Williams v. Miller*, 2026 WL 209815, at *2 (E.D. Pa. Jan. 27, 2026) (quoting *Doe*). Here, even when liberally construed, the Amended Complaint lacks coherent factual allegations and attributions to support a viable cause of action against any Defendant.

Because the Plaintiff's Amended Complaint does not meet the requirements of Rule 8 and because he has not alleged a plausible basis for a non-frivolous claim against a specific defendant, the Amended Complaint will be dismissed. *See Adams v. US States Treasury Sec'y*, 655 Fed. Appx 890, 891 (3d Cir. 2016) (per curiam) (affirming dismissal of incomprehensible complaint as frivolous and for not meeting the requirements of Rule 8). Recognizing the Plaintiff's pro se status, the Court will grant him another opportunity to explain in a second amended complaint the " 'who, what, where, when and why' of [his] claim." *Downes v. St. Luke's Univ. Health Network*, 2025 WL 3299242, at *3 (E.D. Pa. Nov. 26, 2025). Any Second Amended Complaint must be filed within twenty-one days of the date of this order. The Plaintiff is cautioned that his failure to submit a Second Amended Complaint may be considered as an abandonment of his claim and the dismissal of this Amended Complaint may be converted into a dismissal with prejudice and without further notice to the Plaintiff. *See, e.g.*, *Dellahoy v. Holman*, 2026 WL 174692, at *2 (W.D. Pa. Jan. 22, 2026)

For the foregoing reasons then, Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff is granted leave to file a Second Amended Complaint within twenty-one day of the date of this ORDER.

DATED this 29th day of January, 2026.

                                      BY THE COURT:

                                      */s/ Richard A. Lanzillo*

                                      RICHARD A. LANZILLO
                                      CHIEF UNITED STATES
                                      MAGISTRATE JUDGE